IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01081-KMT

JAMES PRYSE, an individual,

    Plaintiff,

v.

FURNITURE ROW COLO, LLC, a Colorado limited liability company; FURNITURE ROW USA, LLC, a Colorado limited liability company; FURNITURE ROW BC, INC., a Colorado corporation; BIG SUR WATERBEDS, INC dba FURNITURE ROW OUTLET, a Colorado corporation; SOFA MART, LLC, a Colorado limited liability company,

    Defendants.

---

**OPPOSITION AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND FOR ORDER COMPELLING ARBITRATION OR, IN THE ALTERNATIVE, TO STAY ACTION PENDING ARBITRATION**

---

COMES NOW, Plaintiff, JAMES PRYSE, by and through undersigned counsel, Stinar & Zendejas, PLLC, and hereby opposes Defendants FURNITURE ROW COLO, LLC, FURNITURE ROW USA, LLC, FURNITURE ROW BC, INC., BIG SUR WATERBEDS, INC dba FURNITURE ROW OUTLET, SOFA MART, LLC, (collectively referred to herein as "Defendants") Motion to Dismiss and for Order Compelling Arbitration, or in the alternative, to Stay Action Pending Arbitration ("Motion") as follows:

# I. INTRODUCTION

The Motion fails to put forth a legal theory that would allow Plaintiff and the Court to understand its basis. Instead, Defendants legal authority and argument is rooted in the policy that, "[b]oth federal and state policies favor arbitration" (*Id*. at 3). This is woefully insufficient and does not justify the relief requested by Defendants. Defendants' case is akin to erroneously arguing that because the First Amendment protects speech, all speech regardless of its time, place, or manner must be permitted. Defendants' legal argument for its Motion fails.

Further, the Motion is based on an unsupported and disputed factual allegation that "the Arbitration Agreement applies to all named Defendants." *See* Motion at fn. 2; *see also* Motion at Ex. 1, Arbitration Agreement ("…I agree with Big Sur Waterbeds, Inc., ("Company") that [Claims] will be resolved by arbitration.") While Plaintiff appreciates the apparent admission by Defendants that they were all Plaintiff's dual employers (*see* Complaint at ¶¶11-24), the defective Arbitration Agreement refers to only one defendant, BIG SUR WATERBEDS, INC. Defendants' factual basis for its Motion fails.

As such, Defendants' Motion fails and should be denied. In the unlikely event the Court favors arbitration, the Court should not entirely abandon its jurisdiction or prejudice Plaintiff to seek redress in a court of law from those defendants who potentially later seek to distance themselves from BIG SUR WATERBEDS, INC., and instead should stay this action pending arbitration.

# II. STANDARD OF REVIEW

The party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's

failure, neglect, or refusal to arbitrate. *BOSC, Inc. v. Bd. of Cty. Comm'rs of Cty. of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017). The scope of the agreement, including the question of who it binds, is a question of state contract law. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). The task for a district court under these circumstances is to determine whether the relevant state's high court would permit the nonsignatory to enforce the arbitration clause. *Pollard v. ETS PC, Inc.*, 186 F. Supp. 3d 1166, 1173 (D. Colo. 2016).

### III. ARGUMENT

**A. The Motion Should be Denied Because the Arbitration Agreement Only Names Big Sur Waterbeds, Inc. and Defendants Have Failed to Demonstrate the Other Defendants are the "Parents, Subsidiaries, Affiliates" of Big Sur Waterbeds, Inc.**

"The right to compel arbitration is derived from contract. Therefore, one who is not a party to the contract generally lacks standing to compel, or to be subject to, arbitration." *Eychner v. Van Vleet*, 870 P.2d 486, 489 (Colo. App. 1993), citing *Mutual Benefit Life Insurance Co. v. Zimmerman*, 783 F.Supp. 853 (D.N.J.1992).

Defendants, and all of them, brought the Motion to compel arbitration between them and Plaintiff, pursuant to the Arbitration Agreement. Besides Plaintiff, the only named party and signatory to the Arbitration Agreement is "Big Sur Waterbeds, Inc. ("Company")." *See* Motion at Ex. 1, Arbitration Agreement. Nowhere is any other defendant named in the Arbitration Agreement.

Defendants' unsupported representation that "the Arbitration Agreement applies to all named Defendants" (*see* Motion at fn. 2) is false. Defendants never prove this representation by, *inter alia*, acknowledging that Defendants are one in the same, dual employers, alter egos, or

3

otherwise accountable for each other's actions towards Plaintiff, as alleged in the Complaint (*see* Complaint at ¶¶11-24).   Instead, Defendants attempt to work around this issue by stating that the Arbitration Agreement requires arbitration between the "Company [BIG SUR WATERBEDS, INC.] its current or future parents, subsidiaries, affiliates or their officers, managers, employees, agents, representatives, and insurers."  Motion at fn. 2.  This statement, combined with the above representation, is wholly insufficient for the Court to conclude that any of the defendants are "parents, subsidiaries, affiliates or their officers, managers, employees, agents, representatives, and insurers" of the one signatory, defendant BIG SUR WATERBEDS, INC.

      As evidenced in the Motion and presented below, Defendants fail to present to the Court the basis, besides a policy of favoring arbitration, as to how or why the Court can compel Plaintiff to arbitrate his claims against four nonsignatories to the Arbitration Agreement, or, conversely, the four nonsignatories may enforce the Arbitration Agreement against Plaintiff.  Defendants missed this opportunity.  For this reason, the Motion should be DENIED.

    **B. The Motion Should be Denied Because It Lacks a Legal Theory/Argument to Permit a Non-Signatories' Enforcement of the Arbitration Agreement.**

      State contract law may permit a contract to be enforced by or against nonsignatories through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver or estoppel.  *Arthur Andersen*, 556 U.S at 631.

      One would assume that Defendants would have cut to the chase in their Motion by acknowledging the Arbitration Agreement fails to identify them by name, but for one, if not several reasons, the Court may still compel its terms against Plaintiff.  But they did no such thing.

4

In the Motion, notably, Defendants do not explicitly state a single theory on which Defendants (besides BIG SUR WATERBEDS, INC.) claim to have standing to enforce the Arbitration Agreement between Plaintiff and defendant BIG SUR WATERBEDS, INC. The Motion is wholly deficient in this regard. The Court is left to speculate as to what theory(ies) Defendants base their Motion on. As such, Plaintiff is left in an unfair and prejudicial position opposing what has not been argued.

The Motion does not argue assumption, incorporation by reference, third-party beneficiary theories, waiver or estoppel – these words are not even found in the Motion. The only theory the Motion quite vaguely may argue (by and through its above-mentioned footnote 2 statements) is one based in piercing the corporate veil or alter ego: that the four non-parties to the Arbitration Agreement may enforce it because, in fact, they are alter egos of defendant BIG SUR WATERBEDS. If Defendants are willing to unambiguously in writing stipulate to this fact, that they are alter egos of each other, then Plaintiff would be forced to drop its opposition to the Motion. However, Plaintiff does not believe Defendants will be willing to do this, yet.

Notwithstanding the undersigned's speculation above, the Motion does not explicitly state a single theory on which Defendants (besides BIG SUR WATERBEDS, INC.) claim to have standing to enforce the Arbitration Agreement between Plaintiff and defendant BIG SUR WATERBEDS, INC. For this reason, the Motion should be DENIED.

### C. Before Referring to Arbitration, the Court Must Determine if the Arbitration Agreement is Enforceable, which it is Not.

"To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct.

524, 530 (2019). As noted in *Nesbitt v. FCNH, Inc.*, 74 F. Supp. 3d 1366, 1371 (D. Colo. 2014), aff'd, 811 F.3d 371 (10th Cir. 2016) ("*Nesbitt*"):

> A federal court must apply state contract law principles when determining whether an arbitration agreement is valid and enforceable. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Colorado law, one of the legal grounds for revoking a contract is unconscionability. *See, e.g., Davis v. M.L.G. Corp.*, 712 P.3d 985, 991 (Colo.1986); *Univ. Hills Beauty Acad., Inc. v. Mountain States Tel. & Tel. Co.*, 38 Colo.App. 194, 554 P.2d 723, 726 (1976). Colorado courts consider a number of factors in deciding whether a contractual provision is unconscionable, including:
>
> (1) the use of a standardized agreement executed by parties of unequal bargaining power; (2) the lack of an opportunity for the customer to read or become familiar with the document before signing it; (3) the use of fine print in the portion of the contract containing the provision in question; (4) the absence of evidence that the provision was commercially reasonable or should reasonably have been anticipated; (5) the terms of the contract, including substantive fairness; (6) the relationship of the parties, including factors of assent, unfair surprise, and notice; and (7) the circumstances surrounding the formation of the contract, including setting, purpose, and effect.
>
> *Bernal*, 793 F.Supp.2d at 1286 (citing *Davis*, 712 P.3d at 991) [hereinafter "the *Davis* factors"]. The *Davis* factors encompass both procedural and substantive unconscionability, both of which must be shown in Colorado. [citations.] The burden of proof is on the party opposing arbitration. [citation.]

Upon reviewing an arbitration agreement that it deemed unconscionable, the *Nesbitt* court also noted the agreement could not be altered or reformed:

> "A court is without authority to alter or amend contract terms and provisions absent an ambiguity in the contract." *Awbrey v. Pennzoil Co.*, 961 F.2d 928, 930 (10th Cir.1992). "[W]here a contract contains a void arbitration provision, it must either be deemed unenforceable where there is no savings clause to the contract or, in keeping with the presumption in favor of arbitrability in the case of a contract with a savings clause, the void language may be stricken and the arbitration agreement otherwise enforced." *Daugherty*, 2011 WL 2791338 at *12.

*Id*. at 1375.

First, despite the Arbitration Agreement's reference to the utilizing the "Employment Arbitration Rules of the American Arbitration Association" which expressly allows for "Modification of Award" under ¶ 40, p.24, the Arbitration Agreement illegally states that "[t]he award of the arbitrator will be final and binding upon the Company and me." *See* Motion at Ex. 1, Arbitration Agreement, ¶3. This language is in direct conflict with AAA's own rules concerning modification of the award, as well as the allowance for appeal by the CRUAA and the FAA. *See* e.g. FAA (9 U.S.C. § 10); CRUAA (C.R.S. § 13-22-223 *et seq.*); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 590 (2008) ("The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable.") The unqualified finality associated with the language of the Arbitration Agreement "final and binding" clause conflicts with not only AAA's rules, but those legal standards and procedure for vacating, modifying, correcting, or appealing an arbitration award in Colorado state or federal court. As such, this term is procedurally and substantively unconscionable, and should be stricken.

Second, the Arbitration Agreement unlawfully gives discretion to the arbitrator to award "attorneys' fees and costs" (*See* Motion at Ex. 1, Arbitration Agreement, ¶3) despite the fact that claims brought by Plaintiff *require* the award of attorneys' fees and costs should Plaintiff prevail, for instance, under Plaintiff's Third Claim for owed wages pursuant to the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. *See Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269, 273 (Colo. App. 2005) ("…because employee commenced an action within the meaning of the Wage

Claim Act seeking additional wages owed to him, and because he prevailed in that action, we conclude that, as the "winning party" under the former § 8–4–114, he was entitled to an award of attorney fees relating to the prosecution of that counterclaim alone.")  The discretionary language afforded to the arbitrator concerning the award of attorneys' fees and costs is procedurally and substantively unconscionable because it leaves room to strip Plaintiff of his statutory remedies of recovering attorneys' fees and costs. As such, this language should be stricken.

      Third, the Arbitration Agreement illegally precluded Plaintiff from seeking redress through the utilization of administrative agencies such as the NLRB, EEOC, CCRD, or DOL for his civil-rights (age discrimination) and wage-related (overtime) claims because the Arbitration Agreement stated that he "cannot recover any monetary relief from such administrative proceedings."  *See* Motion at Ex. 1, Arbitration Agreement, ¶2.  This prohibition to strip Plaintiff and likely other employees of his right to seek redress, especially monetary redress, and effectively (if not expressly) dissuading him from tendering his claims to administrative agencies (especially the EEOC/CCRD where such tender is a jurisdictional prerequisite to suit) is procedurally and substantively unconscionable, and should be stricken.[1]

      At the very least, the Arbitration Agreement is fraught with one-sided language favoring defendant BIG SUR WATERBEDS, INC. and likely set forth to discourage employees like Plaintiff from bringing actions, interfere with employees like Plaintiff from satisfying

---

[1] Plaintiff asks the Court declare this clause concerning the prohibition from monetary relief in an administrative filing to be illegal (given the impact it has on dissuading employees from filing such claims, potentially losing their ability to receive a "Right to Sue" and prosecute civil rights based claims) and instruct Defendants to strike such clauses from all arbitration agreements it has with their employees.

jurisdictional prerequisites, limiting the recovery of legally available remedies for employees like Plaintiff, and preventing employees like Plaintiff from challenging arbitration awards within AAA or a court of law.  As such, the Arbitration Agreement is substantively and procedurally unconscionable, or at the very least contains terms that should be stricken to make the agreement enforceable.

### D. In the Rare Instance that the Court is Inclined to Compel Arbitration between All Parties, the Court Should Only Stay the Case While Retaining Jurisdiction, Should Issues Arise.

Should the Court determine that the Arbitration Agreement may be enforced by all four nonsignatories, the Court should only stay the case while arbitration is pending.  As cited by Defendants, "both the FAA and the Colorado Uniform Arbitration Act provide for a stay of judicial proceedings while arbitration is pending."  *See* Motion at p. 7 (citing 9 U.S.C. § 3, *BOSC, Inc. v. Bd. Of Cty. Commissioners of Cty. Of Bernalillo*, 853 F.3d 1165, 1170 (10th Cir. 2017)).  Plaintiff agrees.

Defendants brief argument to have the Court dismiss this matter without prejudice is not advisable here given the pending issues concerning not only Defendants and their entanglement, but also matters regarding arbitration not addressed or incorrectly addressed by the Arbitration Agreement.  Plaintiff requests the Court retain jurisdiction to avoid the monetary and process-related hurdles that would occur if the matter was dismissed, but the parties for whatever reason require the Court's involvement.

## V. CONCLUSION

For the reasons set forth above, including the lack of legal argument by Defendants and unconscionability in the Arbitration Agreement, the Court should DENY the Motion. In the unlikely event that the Court grants the Motion, the Court should strike those three (3) clauses identified by Plaintiff above, in order to make the Arbitration Agreement enforceable, and stay the case while arbitration is pending.

Respectfully submitted this 9th day of July 2020.

*s/Christopher G. Wilhelmi*
Christopher G. Wilhelmi Reg. #50361
Attorney for Plaintiff

Stinar & Zendejas PLLC
121 East Vermijo Ave, Suite 200
Colorado Springs, CO 80903
E-mail: chris@coloradolawgroup.com
Phone: 719-635-4200
Fax: 719-635-2493

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, I have caused a true and correct copy of the foregoing to be delivered and served on all counsel of record using the CM/ECF system.

*/s/ Zeta Poulin*
Zeta Poulin
Stinar & Zendejas, PLLC Paralegal
